IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

GEORGE D. SUMMERS,

    Plaintiff,

v.                                                                Case No. 2:24-cv-2060-MSN-cgc
                                                                                                    JURY DEMAND

HENDRELL REMUS, in his official capacity as
Chairman of the Tennessee Democratic Party;
LEXIE CARTER, in her official capacity as
Chair of the Shelby County Democratic Party;
MARK GOINS, in his official capacity as
Coordinator of Elections for the State of Tennessee;
STATE OF TENNESSEE; and
JAVIER BAILEY, in his official capacity as
Chairman of the Shelby County Democratic Primary Board,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO
DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

---

Before the Court are the Motion of Defendants Mark Goins and State of Tennessee to Dismiss Plaintiff's Third Amended Complaint (ECF No. 52), Defendant Hendrell Remus' Motion to Dismiss Plaintiff's Third Amended [Complaint] Pursuant to Fed. [Rule] Civ. P. 12(b)(6) (ECF No. 53), and Defendant Lexie Carter's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 54).[1]  Defendants Mark Goins, Hendrell Remus, and Lexie Carter are all sued in their official capacities.  Moving Defendants seek dismissal of Plaintiff George D. Summers' Third

---

[1] Collectively, the Court refers to Defendants Mark Goins, the State of Tennessee, Hendrell Remus, and Lexie Carter as the "Moving Defendants."  Defendant Javier Bailey was first named as a Defendant in the Third Amended Complaint; he filed an Answer on October 29, 2024 (ECF No. 62).  Defendant Bailey has not filed a motion to dismiss.

Amended Complaint (ECF No. 46, "Complaint"), which alleges Defendants violated Plaintiff's due process and equal protection rights when they disqualified and removed him from the Democratic primary ballot as a candidate for Shelby County General Sessions Court Clerk. For the reasons explained below, Defendants' motions are **GRANTED** for Plaintiff's claims under the United States Constitution.

## BACKGROUND

On December 12, 2023, Plaintiff filed a petition to run for Shelby County General Sessions Court Clerk and received confirmation that he met all the requirements to be on the Democratic primary ballot for the March 5, 2024, election. (ECF No. 46 at PageID 297–98.) Plaintiff asserts that he is a bona fide member of the Tennessee Democratic Party and had voted in the last five primaries as a Democrat. (*Id.* at PageID 298–99.) However, on December 19, 2023, Defendant Hendrell Remus, Chairman of the Tennessee Democratic Party, sent Plaintiff a letter saying he was disqualified from the Democratic ballot per Tennessee Code Annotated § 2-5-204. (*Id.* at PageID 292.) The letter gave no reason for removing Plaintiff from the ballot,[2] but informed Plaintiff how to appeal, stating as follows:

> The candidate may appeal the determination in writing and must file the original appeal with the executive committee and a copy of the appeal with the coordinator of elections within two (2) days of receipt of the notice from the executive committee.

(*Id.* at PageID 293.) Remus also sent a letter to Mark Goins, Coordinator of Elections for the State of Tennessee, instructing him to remove Plaintiff from the ballot before March 5, 2024. (*Id.*) Plaintiff did not appeal or take any action until January 30, 2024, when he filed this suit. (ECF

---

[2] In a later pleading, Defendant Remus alleges that Plaintiff was disqualified because of his "voting history" and recent removal from "the Grass Roots Council because of his election activities with the Republican Party." (ECF No. 31 at PageID 175.)

2

                              PageID 398

No. 53-1 at PageID 364.)

On February 7, 2024, Plaintiff filed an Emergency Motion for Immediate Injunctive Relief (ECF No. 20), asking the Court to "enjoin the Defendants from enforcing an arbitrary and improper ruling of the Tennessee Democratic Party that would prevent Plaintiff from appearing on the ballot for the March 5, 2024, Democratic Primary election." (ECF No. 20 at PageID 71.) At this point, the deadline to finalize the ballot for voting machines was one week away and the county had already printed and mailed absentee ballots. (ECF No. 23 at PageID 87–88.) Plaintiff asked the Court to order election officials to update the voting machines with his name, discard all absentee ballots, and reprint and remail new absentee ballots. (*Id.*) The Court denied Plaintiff's motion because he did not show a "strong likelihood of success for any of his claims" and was not facing "imminent and irreparable injury." (ECF No. 36 at PageID 195–96 & 200.)

On March 26, 2024, Plaintiff filed a motion asking leave to amend his complaint again (ECF No. 40), which the Court "reluctantly" granted (ECF No. 45). On September 2, 2024, Plaintiff filed his Third Amended Complaint (ECF No. 46), which sues Defendants Remus, Carter, and Goins in their official capacities, and the State of Tennessee. Defendants timely filed their Motions to Dismiss (ECF Nos. 52, 53, & 54). Plaintiff has yet to file a response, despite the Court issuing an Order to Show Cause. (ECF No. 57.)[3]

## STANDARD OF REVIEW

**A.    Lack of Subject Matter Jurisdiction under Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal for lack of jurisdiction over the subject matter of a complaint. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1)

---

[3] Plaintiff responded to the Show Cause order, saying he would file his response to Defendants' motions "immediately" (ECF No. 58) but, to date, he has not filed a response.

motion to dismiss for lack of subject matter jurisdiction may be premised on a facial or factual attack. *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014); *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions the sufficiency of the pleading without disputing the facts alleged in it. *See Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. A factual attack challenges the factual allegations underlying the assertion of jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When reviewing a facial attack, a district court takes the allegations of the complaint as true. *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. A factual attack "controvert[s] the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffer[s] materials . . . in support of that position." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

B.      **Failure to State a Claim under Rule 12(b)(6)**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts the plaintiff's "plausible factual allegations as true and draw[s] all reasonable inferences" in the plaintiff's favor. *Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024); *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020). Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint need not contain detailed factual allegations; however, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 556). In other words, "a plaintiff must allege facts that, when taken

4

as true, state a claim to relief that is plausible on its face and that rises above the speculative level." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024) (citation modified). If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679.

## **DISCUSSION**

Plaintiff's claims fall into three categories: (1) § 1983 claims against all Defendants for violating Plaintiff's procedural and substantive due process rights; (2) § 1983 claims against all Defendants for denying Plaintiff equal protection of the laws; and (3) a constitutional challenge to Tennessee Code Annotated § 2-5-204. For his § 1983 claims, Plaintiff appears to seek damages, injunctive, and declaratory relief. For his challenge to Tennessee Code Annotated § 2-5-204, Plaintiff seeks only declaratory relief.

All Plaintiff's claims against the Moving Defendants are subject to dismissal for differing, but overlapping, reasons: first, Plaintiff lacks standing for his requested declaratory relief; second, Plaintiff's § 1983 claims against Goins and the State of Tennessee are barred by sovereign immunity; third, Plaintiff has not alleged a property right or liberty interest protected by the Due Process clause; and fourth, Plaintiff has not alleged sufficient facts to make his Equal Protection claims plausible on their face. Because standing and sovereign immunity are issues that affect this Court's jurisdiction, they must be addressed first. *Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 405 (6th Cir. 2019) (explaining that standing is "jurisdictional and must be addressed as a threshold matter"); *Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018) ("Because the Eleventh Amendment is a true jurisdictional bar, Defendants' entitlement to sovereign immunity must be decided before the merits."(citation modified)); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2023) ("Before considering a suit against a state, a

5

federal court must determine whether the Eleventh Amendment bars jurisdiction.").

A.  **Plaintiff Lacks Standing for His Claims Seeking Declaratory Relief**

"To have standing, a plaintiff must allege (1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress." *Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992)). "If a party does not have standing to bring an action, then the court has no authority to hear the matter and must dismiss the case." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). "The party seeking to invoke federal jurisdiction bears the burden to demonstrate standing and he 'must plead its components with specificity.'" *Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (further citation omitted)). But a standing analysis "is not a merits inquiry." *Gerber*, 14 F.4th at 505; *see Kanuszewski*, 927 F.3d at 407 ("standing analysis does not consider the merits of Plaintiffs' claims"). The plaintiff's allegations in support of standing are analyzed for plausibility under the same standard as a motion under Federal Rule of Civil Procedure 12(b)(6). *See Glennborough Homeowners Assoc.*, 21 F.4th at 414 (explaining the standard for alleging facts supporting standing aligns with that governing motions to dismiss under Fed. R. Civ. P. 12(b)(6)); *Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.*, 13 F.4th 531, 545 (6th Cir. 2021) (noting plaintiffs' "theory fails to *plausibly* plead standing's injury and causation element" (emphasis added).) A plaintiff must have standing throughout every stage of the litigation for each claim and form of relief sought. *Uzuegbunam v. Praczewski*, 141 S. Ct. 792, 801 (2021); *Glennborough*, 21 F.4th at 414 ("A plaintiff must demonstrate standing for each claim she seeks to press and for each form of relief she seeks"). "As the Supreme Court has reminded us, 'standing is not dispensed in gross.' Rather, plaintiffs 'must demonstrate standing for each claim [they] seek[] to press.'"

*Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) and *DaimlerChrysler Corp v. Cuno*, 547 U.S. 332, 352 (2006)).

It is the last element of standing—redressability—that is lacking here for Plaintiff's requested declaratory relief. "Redressability is an irreducible component of standing," so "no federal court has jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021). "Whether an injury is redressable" depends on "the relationship between the judicial relief requested and the injury suffered." *California v. Texas*, 593 U.S. 659, 671 (2021) (citation modified). The relevant standard is likelihood—whether it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 181 (2000). The Declaratory Judgment Act does not change this standard. *Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Comm'rs*, 53 F.4th 1014, 1020–21 (6th Cir. 2022). In the context of a declaratory judgment, redressability requires that "a declaratory judgment . . .affect the behavior of the defendant towards the plaintiff." *Id.* at 1021 (citation modified).

Plaintiff requests numerous declarations for his relief, which are set forth in two sections of his Complaint: first in "Count – II Declaratory Relief," and second, in his "Prayer for Relief." (ECF No. 46 at PageID 306–08.) The specific wording varies slightly between the two sections, but Plaintiff generally seeks declarations that Defendants acted in an arbitrary, capricious, and discriminatory manner; that Defendants removal of him from the Democratic primary ballot was unlawful and contrary to the United States and Tennessee Constitutions; that Defendants violated the Fifth and Fourteenth Amendments; and that Tennessee Code Annotated § 2-5-204 violates due process in violation of the United States and Tennessee Constitutions. (ECF No. 46 at PageID

7

306–08.)  Plaintiff also requests a declaration "that he is an eligible candidate for the office of Shelby County General Sessions Court Clerk as a Democrat in [the] Shelby County Primary on March 5, 2024."  (ECF No. 46 at PageID 307.)

Plaintiff filed his Third Amended Complaint on September 2, 2024—nearly six months after the Shelby County Democratic Primary for Shelby County General Sessions Court Clerk and over a month after the Shelby County General Election for Shelby County General Sessions Court Clerk.  Plaintiff has not alleged that he plans to run for office again as a Democrat in Shelby County, and his requested declaratory relief relates only to the Shelby County Democratic Primary held on March 5, 2024.  Plaintiff does not allege a current or future injury that his requested declaratory relief would redress, nor does he allege how his requested declaratory relief would redress his past injury.  *See Friends of Tims Ford v. Tennessee Valley Auth.*, 585 F.3d 955, 970–71 (6th Cir. 2009); *Brown v. Yost*, 122 F.4th 597, 601–02 (6th Cir. 2024).  Because Plaintiff's requested declaratory relief would not redress his injuries, he does not have standing for this form of relief.[4]

B. **Sovereign Immunity Bars Plaintiff's § 1983 Claims Against Goins and the State of Tennessee**

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

---

[4] Plaintiff also requested injunctive relief, specifically "a temporary and permanent injunction setting aside the results of the Shelby County Democratic Primary for Shelby County General Sessions Court, and ordering that a special primary election be held placing the Plaintiff on the ballot as a Democratic candidate." (ECF No. 46 at PageID 307.)  Although such an injunction may redress Plaintiff's alleged injury, it would be extraordinary relief.  By the time Plaintiff filed his Third Amended Complaint, the general election had been held, so the Court would have to set aside the results of two elections to provide Plaintiff's requested relief.  And because Plaintiff's claims fail on the merits, the Court need not address whether the circumstances here are extreme enough to warrant such extraordinary relief.

8

Subjects of any Foreign State." U.S. Const. amend. XI. "This immunity bars suits for injunctive, declaratory or monetary relief," and it applies not only to the state, but also "departments and agents that are arms of the state, as well as state officers acting in their official capacity." *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2023) (citation modified); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046–47 (6th Cir. 2015).

There are, however, a couple of exceptions to sovereign immunity under the Eleventh Amendment. First, it does not apply if the state has waived its immunity or if Congress has removed it by statute. *Morgan*, 63 F.4th at 515. But Tennessee has not waived its sovereign immunity, *see* Tenn. Code Ann. § 20-13-102(a), and Congress did not remove states' immunity from suit when it enacted § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties").

Second, as set forth in *Ex parte Young*, 209 U.S. 123 (1908), sovereign immunity does not "bar suits against state officials seeking equitable relief for ongoing violations of federal law." *Morgan*, 63 F.4th at 515 (citation modified). For *Ex parte Young* exception to apply, the plaintiff must sue for "prospective injunctive relief to end a continuing violation of federal law," and the complaint must "make clear what those ongoing violations are." *Morgan*, 63 F.4th at 515 (citation modified); *see Russell*, 784 F.3d at 1046–47. In other words, the *Ex parte Young* exception does not apply to "injunctive relief based entirely upon past acts." *Morgan*, 63 F.4th at 515 (citation modified); *see S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 509–10 (6th Cir. 2008).

Again, Plaintiff's declaratory relief relates only to past conduct. So, the Eleventh Amendment bars Plaintiff's claims against Goins and the State of Tennessee not only for damages, but also for his requested declaratory relief.

C. **Plaintiff's § 1983 Claims Against All Defendants**

Plaintiff's claims against all Defendants are brought pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 is not the source of any substantive right but provides a means of redress for violations of rights conferred elsewhere in federal law. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of a right "secured by the Constitution and laws" (2) caused by a person acting under the color of state law. *Kissinger v. Mahoning Cnty. Republican Party*, 677 F. Supp. 3d 716, 724 (N.D. Ohio 2023). Plaintiff asserts that Defendants violated his procedural and substantive due process, as well as his equal protection rights while acting under color of state law. The Court addresses each in turn below.

    1.    Violations of Fifth and Fourteenth Amendment Due Process

Plaintiff asserts claims for violations of both the Fifth and Fourteenth Amendments' due process clauses. But the Fifth Amendment's due process clause applies only to the federal government. *Myers v. Vill. of Alger* 102 F. App'x 931, 933 (6th Cir. 2004). Defendants here are not the federal government, so Plaintiff's claims under the Fifth Amendment's due process clause fail.

The Fourteenth Amendment also protects individuals from the deprivation "of life, liberty, or property, without due process of law." U.S. Const.. amend. XIV, § 1. The clause "has been construed to include not only a procedural component, but also (although not obvious from its text) a substantive one." *Green Genie, Inc. v. City of Detroit*, 63 F.4th 521, 526 (6th Cir. 2023). The

10

procedural component is traditionally understood to require the government to provide a "fair procedure" when depriving someone of life, liberty, or property, whereas the substantive component protects fundamental rights against certain government actions notwithstanding the adequacy of the procedures used. *See EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). "No matter the nature of the due-process theory asserted, [the plaintiff] must show a deprivation of a constitutionally protected right . . ." *Green Genie*, 63 F.4th at 526 (6th Cir. 2023).

Plaintiff alleges that Defendants violated both his substantive and procedural due process rights. According to Plaintiff, he "has a constitutionally protected property interest related to his right to apply to be placed on the ballot and to appeal from a negative decision of the Executive Board." (ECF No. 46 at PageID 301–02.)

*Substantive Due Process*. The due process clause's substantive component protects fundamental rights. Fundamental rights are those specifically guaranteed by the United States Constitution and those rights that are "implicit in concept of ordered liberty." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 231 (2022). Running for office—or being placed on the ballot—is not a fundamental right. *Fouts v. Warren City Council*, 97 F.4th 459, 466 (6th Cir. 2024) (citing *Kowall v. Benson*, 18 F.4th 542, 547 (6th Cir. 2021)). And voters also "have no fundamental right to 'vote for a specific candidate or even a particular class of candidates.'" *Kowall*, 18 F.4th at 547 (citing *Citizens for Legis. Choice v. Miller*, 144 F.3d 916, 921 (6th Cir. 1998)).

The only rights that Plaintiff asserts Defendants violated are a right to run for office and a right to appeal from a negative decision of the Tennessee Democratic Party Executive Committee. But neither is a fundamental right protected by substantive due process, so his substantive due process claims fail.

11

*Procedural Due Process.* To state a claim under the procedural component of the due process clause, a plaintiff must show that: (1) he had a life, liberty, or property interest protected by the due process clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the interest. *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021). Liberty interests "may arise from two sources—the Due Process Clause itself and the laws of the States." *Miller v. Lorain Cnty. Bd. of Elections*, 141 F.3d 252, 259 (6th Cir. 1998). And a person has a property interest protected by the procedural component of the due process clause if he or she has "a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Legitimate entitlement claims exist through an independent source—such as state law or "mutually explicit understandings" that support a person's claim of entitlement; they do not stem from the Constitution itself. *Id.* For example, "[a] property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances." *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004).

Plaintiff makes no allegations against Goins other than to say that it is his duty as Coordinator of Elections to "investigate or have investigated by local authorities the administration of the election laws and report violations to the district attorney general or grand jury for prosecution." (ECF No. 46 at PageID 294 (citing Tenn. Code Ann. § 2-11-202(a)(5)(A)(i)).) Plaintiff says that the State of Tennessee violated his Fourteenth Amendment rights by "making and enforcing a law that deprives Plaintiff and others of their property and rights without due process of law" and by "enacting and enforcing the bogus finding of the Shelby County Democratic Primary Board." (*Id.* at PageID 304–05.) At bottom, Plaintiff's allegations are based on his claim that he has a "constitutionally protected property interest related to his right to apply

12

to be placed on the ballot." (ECF No. 46 at PageID 301.) But that claim is foreclosed by Supreme Court precedent. *Snowden v. Hughes*, 321 U.S. 1, 7 (1944) ("[A]n unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause." (citation omitted)); *see Moncier v. Haslam*, 570 F. App'x 553, 558–59 (6th Cir. 2014) (citing *Snowden* and collecting cases in support); *Mingo v. Baxter*, 518 F. App'x 444, 445 (6th Cir. 2013) ("The district court correctly concluded that Mingo had no due process claim because she had no property interest in being an elected official." (citing *Kurita v. State Primary Bd. of Tenn. Democratic Party*, 472 F. App'x 398, 398 (6th Cir. 2012)).); *see also Newsom v. Golden*, 602 F. Supp. 3d 1073, 1083–84 (M.D. Tenn. 2022) (collecting cases).

*Snowden* is binding on this Court and dooms Plaintiff's procedural due process claims. Because Plaintiff has not identified a protected property or liberty interest that he was deprived of, the Court need not address whether the process here was adequate under the due process clause.

    2.    <u>Violations of the Fourteenth Amendment's Equal Protection Clause</u>

The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause does not, however, "require that all persons everywhere be treated alike." *Noble v. U.S. Parole Comm'n*, 194 F.3d 152, 154 (D.C. Cir. 1999). Instead, it prohibits states from making distinctions that "burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 591 (6th Cir. 2011) (quoting *Radvanksy v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). And "to establish an equal protection violation, a plaintiff must establish more than differential treatment alone—a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019).

13

Plaintiff's allegations in support of his equal protection claim are as follows:

- "Defendants did not provide him notice of the reason for the decision to disqualify him because of his race." (ECF No. 46 at PageID 301.)

- Four of the other candidates for Shelby County General Sessions Court Clerk "appear to be African American." (*Id.*)

- "Plaintiff is not African American." (*Id.*)

- Defendants violated "Plaintiff's constitutional rights by disparately apply [sic] its own rules because of race." (*Id*. at PageID 306.)

- "Defendants' refusal to allow [Plaintiff] to run for the office of Shelby County General Sessions Court Clerk because of race will cause him imminent irreparable harm." (*Id.* at PageID 307.)

The above allegations fall short of pleading a plausible equal protection claim. Plaintiff does not allege specific facts that would allow this Court to infer that Plaintiff's race was a motivating factor in Defendants actions. Instead, the Complaint contains only conclusory statements that Defendants' actions were based on Plaintiff's race. (*Id.* at PageID 306–07.) Missing from the Complaint are facts showing that Plaintiff was treated differently than other similarly situated individuals or Defendants' actions departed "from the normal procedural sequence." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1915 (2020). Without facts supporting a discriminatory intent or purpose, Plaintiff's equal protection claim fails.[5]

---

[5] Plaintiff's claims against Remus and Carter also likely fail for another reason: The Sixth Circuit does not recognize political parties as state actors. *See Kurita*, 472 F. App'x at 398–99. In *Kurita*, the district court held that there was no state action when the Tennessee Democratic Party set aside the results of a primary election and selected a different candidate for the general election, and the Sixth Circuit affirmed. *Id.* In some circuits, political parties are state actors "insofar as they [are] assigned to an 'integral part' in the election process, a government function." *Kissinger v. Mahoning Cnty. Republican Party*, No. 4:22-CV-00709, 2023 WL 4052730, at *6 (N.D. Ohio June 16, 2023) (citing *Banchy v. Republican Party of Hamilton Cnty.*, 898 F.2d 1192, 1196 (6th Cir. 1990)). However, the Sixth Circuit makes a distinction between conducting a primary election and handling internal affairs of the party. *Banchy*, 898 F.2d at 1196. The latter is not a

### D.   Plaintiff's Claims for Violations of the Tennessee Constitution

The analysis above is limited to Plaintiff's allegations that Moving Defendants violated his rights under the United States Constitution. Plaintiff's allegations that Moving Defendants violated his rights under the Tennessee Constitution are best left to state courts. *Moncier v. Haslam*, 570 F. App'x 553, 560 (6th Cir. 2014); *Kowall*, 18 F.4th at 549; *see Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims."). The Court is dismissing all Plaintiff's federal law claims against the Moving Defendants, and without an independent basis for federal jurisdiction, the Court will follow the "usual Sixth Circuit practice" and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *Crehan v. Davis*, 713 F. Supp. 2d 688, 701 (W.D. Mich. 2010) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

### CONCLUSION

For the reasons set forth above, the Motion of Defendants Mark Goins and State of Tennessee to Dismiss Plaintiff's Third Amended Complaint (ECF No. 52), Defendant Hendrell Remus' Motion to Dismiss Plaintiff's Third Amended [Complaint] Pursuant to Fed. [Rule] Civ. P. 12(b)(6) (ECF No. 53), and Defendant Lexie Carter's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 54) are **GRANTED** for Plaintiff's claims under the United States Constitution, and those claims are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against

---

"governmental function" and "intra party squabbles over the nominating procedures are to be considered a political matter which are to be resolved by the party itself without judicial intervention." *Kurita v. State Primary Bd. of Tenn. Democratic Party*, No. 3:08-0948, 2008 WL 4601574, at *11 (M.D. Tenn. Oct. 14, 2008), *aff'd*, 472 F. App'x 398 (6th Cir. 2012) (quoting *Taylor v. State Democratic Exec. Comm.*, 574 S.W.2d 716, 717–718 (Tenn. 1978)). Political parties are free to "determine who is qualified and whose name shall be placed on a primary ballot." *Newsom*, 602 F. Supp. 3d at 1078.

Moving Defendants for violations of his rights under the Tennessee Constitution are **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**, this 30th day of September, 2025.

                                        *s/ Mark S. Norris*
                                        MARK S. NORRIS
                                        UNITED STATES DISTRICT JUDGE